| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**BECKER LLC**<br>354 Eisenhower Parkway<br>Eisenhower Plaza Two, Suite 1500<br>Livingston, New Jersey 07039<br>Telephone: (973) 422-1100<br>Fax: (973) 422-9122<br>ROBERT D. TOWEY, ESQ.<br>E-mail address: rtowey@becker.legal<br>         -and-<br>**GERACE LAW OFFICE**<br>1515 Market Street, Suite 1200<br>Philadelphia, PA 19102<br>Richard J. Gerace, Esq. (admitted pro hac vice)<br>E-mail: rgerace14@comcast.net<br>*Counsel to Eric R. Perkins, Chapter 7 trustee for the bankruptcy estate of Ahmed Farooq Sakhe* | |
| In re:<br><br>AHMED FAROOQ SAKHE,<br><br>                                                Debtor. | Case No. 15-32238 (RG)<br><br>Chapter 7<br><br>Hon. Rosemary Gambardella, U.S.B.J. |
| ERIC R. PERKINS, in his capacity as Chapter 7 trustee for the bankruptcy estate of Ahmed Farooq Sakhe,<br><br>                                                Plaintiff,<br><br>     v.<br><br>NORTH PARK REALTY MANAGEMENT, LLC, MICHAEL KHAKSHOOR, YOUSEF KHAKSHOOR, SION NOBEL, and MEHRAN KOHANSIEH a/k/a MIKE KOHANSIEH a/k/a MIKE KOHEN,<br><br>                                                Defendants. | Adversary Case No. 16-01576 (ABA) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MICHAEL KHAKSHOOR, MEHRAN KOHANSIEH AND SION NOBEL'S PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW**

Plaintiff Eric R. Perkins ("Trustee"), the Chapter 7 trustee for the bankruptcy estate of Ahmed Farooq Sakhe, (the "Debtor" or "Mr. Sakhe") through Richard J. Gerace, Esquire, *pro hac vice*, submits this Response to the Proposed Findings of Facts and Conclusions of Law submitted by Defendants Michael Khakshoor, Mehran Kohansieh and Sion Nobel on June 22, 2020. *See* Dkt. 108 filed 06/22/2020.

As part of Plaintiff's Response, Plaintiff incorporates by reference "Plaintiff's Proposed Findings of Facts and Conclusions of Law" filed February 24, 2020. *See* Dkt. at 102 filed 02/24/20.

Plaintiff also incorporates by reference "Plaintiff's Motion for Disposition of the Amended Adversary Complaint per Plaintiff's Proposed Findings of Facts and Conclusions of Law, or Alternatively, through the May 23, 2019 Order Pursuant to Fed. R. Bankr. P. 7037(A) and 11 U.S.C. § 105(A), by Striking Defendants' Answers to the Complaint and Entering Judgment Against Defendants in the Amount Established by the Trustee at Trial". *See* Dkt. at 103 filed 03/25/20.

1. Defendant Mehran Kohansieh's inadvertent admission during trial that he had "Several emails" that included Defendant Sion Nobel's knowledge and notice of the mortgage encumbering North Park's assets prove Nobel's knowledge and notice of fraud, conversion and fraudulent transfers by the defendants acting in concert for themselves and against the Debtor. *See e.g.,* Kohansieh T.T. 27:1 – 29:15:

> Q Oh, so … in 2008 you told Dr. Nobel that you're going to mortgage Sandburg Mall property for the benefit of North Park?
> A I told him that I had, I had mortgage, my mortgage was 17 percent. …
> Q And this is emails between you and Dr. Nobel?

> A No, that's the email that a bank was sending to the other lender and Dr. Nobel was copied on it.
> Q Oh. And you have those emails?
> A Yes.
> MR. GERACE: Your Honor, could I have a stipulation of Counsel or an Order of the Court that he produce these emails?
> THE COURT: Counsel, are you aware of the emails that are being referred to?
> MR. FARINELLA: I would have to -- I am, Your Honor. I would have to look at my discovery that I turned over to the Trustee. I believe that it was part of it, but nevertheless, I don't have a problem providing the email.
> MR. GERACE: All right.
> THE COURT: Is it one email or several emails?
> THE WITNESS: Several emails. Your Honor, the Trustee of the Sandburg Mall case stated, as you know, that I did not notify Nobel so that's why I presented that, that Dr. Nobel at some point knew that there was a lien on the property because of the subordination agreement that was supposed to be signed with the, with the first lender, which obviously Dr. Nobel would have been notified.
> MR. GERACE: All right.
> THE COURT: So there is an agreement after the close of this hearing to make reasonable efforts to turn over those emails --
> THE WITNESS: Yes.
> MR. GERACE: Thank you.
> THE COURT: -- to Counsel for the Trustee.
> THE WITNESS: Yes, sir.
> THE COURT: Thank you.
> BY MR. GERACE: Q So when Sion Nobel says that you didn't inform him, in fact, he was informed because he was copied on those emails?
> A Yes, I have the emails.

*See* Kohansieh T.T. 27:1 – 29:15; *see also*, "[Plaintiff's] Application in Support of Plaintiff's Motion for Disposition of the Amended Adversary Complaint per Plaintiff's Proposed Findings of Facts and Conclusions of Law, or Alternatively, Through the May 23, 2019 Order Pursuant to Fed. R. Bankr. P. 7037(A) and 11 U.S.C. § 105(A), by Striking Defendants' Answers to the Complaint and Entering Judgment Against Defendants in the Amount Established by the Trustee at Trial" at ¶ 13 (Dkt. at 103 filed 03/25/20) citing Judge Andrew B. Altenburg's May 23, 2019 Order Pursuant to Fed. R. Bankr. P. 7037(A) and 11 U.S.C. § 105(A), [in response to Plaintiff's Motion to "Strik[e] Defendants' Answers to the Complaint and Entering Judgment Against Defendants in the Amount Established by the Trustee at Trial":

> 13. The existence and concealment of these emails also proves that Defendants Nobel and Kohansieh have defied Judge [ ] Altenburg's May 23, 2019 "Order Pursuant to Fed. R. Bankr. P. 7037(a) and 11 U.S.C. § 105(a) Compelling Defendants, Michael Khakshoor, Mehran Kohansieh and Sion Nobel, to Respond to Discovery Requests and Granting Related Relief":
>> IT HEREBY ORDERED as follows:
>> 1. The Motions are GRANTED to the extent set forth herein.

3

> 2. On or before May 20, 2019, Khakshoor [Kohansieh and Nobel] shall serve on counsel to the Trustee without objection ***full and complete responses to the interrogatories (the "Khakshoor [Kohansieh and Nobel] Interrogatories") included in Plaintiff's First Set of Interrogatories and Request for Production of Documents to Khakshoor [Kohansieh and Nobel] propounded on June 7, 2018 ... a copy of which is attached hereto as EXHIBIT "A[-C]"*** (the "Khakshoor [Kohansieh and Nobel] Discovery Requests"), ***setting forth in narrative form, all facts known to Khakshoor [Kohansieh and Nobel][.] The Responses shall be verified under oath pursuant to Fed. R. Civ. P. 33.***
> 3[ - 10]. On or before May 20, 2019, Khakshoor [Kohansieh and Nobel] shall serve on counsel to the Trustee without objection full and complete responses to the document requests … including but not limited to the following: … ***(b) all correspondence (electronic or otherwise) by and between Khakshoor, Kohansieh, … and Nobel with respect to North Park, including any agreement by and between the parties relating to their investment in and/or loans*** … Pursuant to Fed. R. Civ. P. 26(g), ***the production of documents shall include the signature of at least one attorney of record in the attorney's own name***—or by the party personally … ***By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry.***
> 4. On May 30, 2019 [May 28 and June 5, 2019 Defendants respectively] Khakshoor [Kohansieh and Nobel] shall appear … for a deposition with respect to the matters at issue in the above-captioned adversary proceeding [ ] including but not limited to the following: … (c) ***all agreements, understandings, payments, <u>loans</u>, advances, or other transactions between North Park and Sandburg Mall Realty Management LLC [ ]; (d) the insolvency proceedings of Sandburg LLC, filed in the United States Bankruptcy Court for the Central District of Illinois, Peoria*** and docketed therein as Case No. 14-81063 (the "Sandburg Bankruptcy Case"), including all claims asserted by North Park, Khakshoor, Kohansieh, Yousef, and Nobel against Sandburg LLC in the Sandburg Bankruptcy Case and all claims asserted against North Park, Khakshoor, Kohansieh, Yousef, Nobel and the Family Trust in the Sandburg Bankruptcy Case[.]

2.      Despite this Court's Order during trial that Kohansieh produce emails, and Judge Altenburg's Order and warning issued May 23, 2019, Kohansieh and Nobel continued to conceal emails throughout these proceedings.

3. Kohansieh admitted the existence of these emails at trial although he and Nobel repeatedly stated there were no email communications between them throughout these proceedings even after Judge Altenburg ordered production of discovery under threat of default. *See* Kohansieh T.T. 27:1 – 29:15; *see also id*., (Judge Altenburg's May 23, 2019).

3. Showing utter contempt for this Court's order at trial and especially the May 23, 2019 Order, Kohansieh and Nobel not only concealed these emails throughout this litigation, but when Kohansieh finally did produce these emails on June 23, 2020, the emails are so heavily redacted that they are nothing less than a continuing defiance of court orders. *See e.g.,* Dkt. at 110 filed 06/23/20.

4. Moreover, neither Kohansieh nor Nobel assert any privilege to redact these emails even though the emails are obviously not confidential emails protected by any stated or unstated privilege; they are simply redacted to conceal knowledge and notice of fraud.

5. What these heavily redacted emails prove nonetheless is that Kohansieh and Nobel refused to comply with discovery rules or orders compelling discovery and have always hidden relevant probative information from Plaintiff and the Court and continue to do so.

6. The redacted emails nevertheless prove that Nobel and Kohansieh were involved in the fraudulent transfer of the Debtors assets without any knowledge or notice to him and despite false testimony by both Nobel in his June 26, 2019 deposition (*see* P17) and Kohansieh's representation throughout these proceedings until Kohansieh inadvertently admitted Nobel's participation at trial. *See* Kohansieh T.T. 27:1 – 29:15; *see also,* May 23, 2019 Order issued by Judge Altenburg at ¶ 11 (emphasis added):

> **Should any of the Defendants** fail to answer to any interrogatories pursuant to Rule 33 and the verifications required thereunder, **fail to produce any documents pursuant to Rule 26 along with the certifications required under Rule 26(g),** or fail to appear and testify in connection with any deposition at the location

specified, and on the date set in this Order, upon motion of the Trustee on notice to the Defendants affected thereby (through counsel), ***the Court shall strike the applicable Defendant's answer to the complaint in this matter and enter judgment against the applicable Defendant in the amount established by the Trustee***.

7.  Given the contumacious conduct of Nobel and Kohansieh throughout these proceedings, and the testimony by these defendants under oath in deposition or at trial, the lack of credibility by the defendants is clearly represented for this Court to observe and judge.

8.  Certainly, commingling and/or cross-collateralization of North Park assets was prohibited. *See e.g.,* "P1" ("Amended and Restated Limited Liability Company Operating Agreement of North Park Realty Management, LLC" *inter alia*, "Article 8 Section IV. Separateness Covenants subsection C - "It shall not commingle funds or assets with those of any affiliate or any other person.")

9.  Just as certainly it was conducted in secret by Kohansieh and Nobel without any knowledge or notice to Sakhe and to his detriment; namely the loss of his entire investment in North Park. *See* "P5" (March 25, 2008 Mortgage by "***Sandburg Mall to First Bank*** … [including] ***that certain Loan Agreement by and between North Park Realty Management, LLC***").

10.  To pretend as defendants do, that North Park was not obligated on the March 2008 mortgage, which surreptitiously comingled or cross-collateralized North Park's property with Sandburg's property, defies the language of the mortgage itself, which reads, that North Park entered into a "***certain Loan Agreement by and between NORTH PARK [ ], Borrower [Sandburg] and Lender [First Bank & Trust ] as of a date even herewith***". *See id.,* at ¶ 3 (March 25, 2008 Sandburg/North Park Mortgage to First Bank & Trust signed by Kohansieh who was the managing Member of both Sandburg and North Park).

6

11. Despite the language on the first page of the mortgage itself, Defendant Kohansieh deviously testified during his deposition in his characteristic doubletalk, "*That wasn't a second mortgage that we had to make payments on. It was cross collateralized meaning they had a lien on the property but that lien was a second position lien because the first lien was the mortgage on Sandburg Mall. So basically we were not obligated to pay any payment on that second mortgage. It was just as a security if at any time they have a shortfall on Sandburg Mall, they can come and collect from Sandburg Mall.* See "P15" Kohansieh June 26, 2014 Deposition 77:13 – 25.

12. Sion Nobel was equally devious in his court ordered June 26, 2019 deposition with his complete denial of the existence of any loan documents involving North Park:

> BY MR. GERACE: Q. *Was there any loan documents between North Park and you?*
> NOBEL A. *No.*
> Q. *Was there any loan documents between North Park and Sandburg Mall?*
> A. *No.*
> Q. So how did you -- how do you know what they owed you?
> A. I found … -- a statement that was in an email that shows they transfer money wire to North Park, and I exhibited it, I put it in.
> Q. *So there was no documents that you know of, no formal loan documents memorializing loans from -- owed to you by North Park?*
> A. *No.*
> Q. *Okay. And no formal loan documents memorializing loans that North Park owed to Sandburg Mall?*
> A. *I don't know.*

See "P17" June 26, 2019 Nobel Dep 38:11 – 39:14 (emphasis added); *but see* P5.

13. Kohansieh exposes Nobel's deceit and his own (as well as their joint defiance of court orders compelling discovery) through Kohansieh's inadvertent admission during trial that indeed Nobel was involved in the comingling of Sandburg and North Park property and that there are emails to prove it.

7

14. Caught in that deception through his inadvertent admissions, Kohansieh promised the Court "Several emails" then redacts the three he produces though obviously there are more. [1]

15. Accordingly, Defendants Proposed Findings of Facts lack the credibility of honest, truthful participants in litigation and fail to overcome the probative testimony adduced through Plaintiff's witnesses.

16. As for Defendants belated objections to "Removal", Defendants fail to acknowledge that the defendants were represented by separate counsel throughout the New York state court litigation and removal.

17. New York counsel was timely served with all notices of transfer and removal from New York state court to the Southern District of New York, then to the District of New Jersey and finally to the Bankruptcy Court for the District of New Jersey.

---

[1] Kohansieh T.T. 27:1 – 29:15.
    Q Oh. And you have those emails?
    A Yes.
    MR. GERACE: Your Honor, could I have a stipulation of Counsel or an Order of the Court that he produce these emails?
    THE COURT: Counsel, are you aware of the emails that are being referred to?
    MR. FARINELLA: I would have to -- I am, Your Honor. I would have to look at my discovery that I turned over to the Trustee. I believe that it was part of it, but nevertheless, I don't have a problem providing the email.
    MR. GERACE: All right.
    THE COURT: Is it one email or several emails?
    THE WITNESS: Several emails. Your Honor, the Trustee of the Sandburg Mall case stated, as you know, that I did not notify Nobel so that's why I presented that, that Dr. Nobel at some point knew that there was a lien on the property because of the subordination agreement that was supposed to be signed with the, with the first lender, which obviously Dr. Nobel would have been notified.
    MR. GERACE: All right.
    THE COURT: So there is an agreement after the close of this hearing to make reasonable efforts to turn over those emails --
    THE WITNESS: Yes.
    MR. GERACE: Thank you.
    THE COURT: -- to Counsel for the Trustee.
    THE WITNESS: Yes, sir.
    THE COURT: Thank you.
    BY MR. GERACE: Q So when Sion Nobel says that you didn't inform him, in fact, he was informed because he was copied on those emails?
    A Yes, I have the emails.

18. The record shows neither of these attorneys objected to any part of the removal process.

19. Conclusively, present counsel for Defendants Khakshoor, Kohansieh, and Nobel is forced to admit that the New York state court failed to issue any final order that allows the Defendants to escape Bankruptcy Court jurisdiction.

20. The state court's own post-petition correspondence admits, "It is noted, by decision on the record on October 15, 2016, the court denied plaintiff's motion for leave to amend the complaint and for other relief. The court, however, deferred so-ordering the transcript or entering a short order form order following notice that plaintiff had filed a voluntary petition for bankruptcy." *See e.g.,* New York Supreme Court Order attached to Defendants FOFsCOLs as Exhibit F.

21. Whether or not it is possible for a New York state court to issue a final order on an interlocutory matter such as a motion to amend a complaint, the state court certainly failed to enter any final order in the case by failing to "so-order[] the transcript or entering a short order form order".

22. Therefore, there is no challenge to this Court's jurisdiction over the claims raised in these adversary proceedings.

23. Based on defendants relentless and utter defiance of court orders pertaining to discovery, it is well within this Court's jurisdiction to find in favor of Plaintiff based on the May 23, 2019 Order as well as the straightforward testimony of Farooq Sakhe and the evidence in support of Plaintiff's Amended Adversary Complaint.

24. Accordingly, Plaintiff respectfully requests that this Court adopt Plaintiff's Findings of Facts and Conclusions of Law, and find in favor of Plaintiff and against Defendants Khakshoor, Kohansieh and Nobel joint and severally for the amount of damages requested.

25. Accordingly, Plaintiff respectfully requests that this Honorable Court decide this case based on Plaintiff's FOFs/COLs, or in the alternative, strike Defendants' answers to the complaint and enter judgment jointly and several against all Defendants in the amount established by the Trustee at trial.

Dated: July 13, 2020                                                        Respectfully submitted,

                                                                            BECKER LLC

                                                                            **/s/ Robert D. Towey**
                                                                            Robert D. Towey, Esq.
                                                                            354 Eisenhower Parkway
                                                                            Eisenhower Plaza Two, Suite 1500
                                                                            Livingston, New Jersey 07039
                                                                            (973) 422-1100
                                                                            Direct (973) 251-8984
                                                                            rtowey@becker.legal
                                                                            Co-Counsel to the Chapter 7 Trustee

                                                                            -and-

Dated: July 13, 2020                                                        GERACE LAW OFFICE
                                                                            **/s/Richard J. Gerace**
                                                                            Richard J. Gerace, Esq. (admitted pro hac vice)
                                                                            1515 Market Street, Suite 1200
                                                                            Philadelphia, PA 19102
                                                                            (215) 854-6345
                                                                            Fax (484) 472-8749
                                                                            Email: rgerace14@comcast.net
                                                                            *Co-Counsel to Eric R. Perkins, Chapter 7 trustee*